#### *EX PARTE* CHARLES.

OFFICIAL BOND—MASTER—COUNTY OFFICER.—A Circuit Judge has no
authority, in the "general orders" of the Court of General Sessions,
to require a master to give a new official bond, upon presentment of
grand jury.

Before BUCHANAN, J., Darlington, June, 1896.   Reversed.

At the June term, 1896, of the Court of General Sessions
for Darlington County, the order following was made and
embraced in what is known as the "General Orders:"

"7. The grand jury having in their final report presented
the bond of the master in equity as insufficient, it is ordered,
that a copy of the paragraph so reporting said bond, be served
upon the master, and that the said master, R. K. Charles,
Esq., do give a new official bond with sufficient sureties, to
be approved by the proper officers, within thirty days after
service of said paragraph upon him, and that on his failure
so to do as aforesaid, that the clerk of this Court do notify
the solicitor of such failure, and that said R. K. Charles do
show cause before such Judge, and at such time and place
as the solicitor may notify him to and of, why he should
not be proceeded against, or his office declared vacant by
the proper authority, or such other steps be taken in the
premises as the solicitor may be advised as proper and
necessary.

"8. That the paragraph referring to the insufficiency of
the master's bond, with the section of that order, be served
upon the county supervisor, for him to submit to the county
board of commissioners, and that said board do examine
into the sufficiency of said bond, under the provisions of
section 512, vol. I., Revised Statutes, and report their find-
ing to the comptroller general, if they find the same insuf-
ficient."

R. Kelso Charles, master, excepts to the said order, and
alleges the following errors:

(1) The Court of General Sessions had no jurisdiction to make the order. (2) If it can be construed as made in the Common Pleas, that Court has no jurisdiction to make the order. (3) It is erroneous in either Court to make an order affecting a substantial right, founded solely on the suggestion of a grand jury, without investigation or notice to the person affected. (4) It is error to make a rule to show cause at an indefinite time and place, and before an undesignated tribunal, all at the option and selection of the solicitor or, in default, to suffer an undefined penalty. (5) It is error to require a master to execute a new official bond, on account of the insufficiency of the old, before the fact of such insufficiency is established, and pending such inquiry ordered by the Court. (6) It is error to make an order so indefinite and multifarious as the order complained of, which tends to cast a cloud or suspicion on the title to the office, and impede and interfere with the duties thereof, without affording the officer the opportunity of removing the same, except at the option of the solicitor. (7) The statute having established State and county boards for the examination of official bonds, and particularly designated the mode of procedure, it is error to depart from that mode, at least when no good and sufficient reason exists for so departing, or when no emergency is alleged to exist.

*Mr. R. K. Charles*, for appellant, cites: 10 S. C., 35; 12 Rich., 499; 5 S. C., 341.

*Mr. Solicitor Johnson*, contra.

Feb. 10, 1897. The opinion of the Court was deliverd by

MR. JUSTICE GARY. At the June, 1896, term of the Court of General Sessions for Darlington County, his Honor, Judge Buchanan, in granting what is known as the "general orders," required certain things to be done by the appellant, as will appear by reference to sections 7 and 8 set out in the Brief, and which, together with the exceptions, will be incorporated in the report of the case.

The following are the provisions of the Revised Statutes in regard to the official bonds of county officers: "Section 508. * * * The official bonds of all county officers must be examined and approved or disapproved by the county board of commissioners, except their own bonds, which must be examined and approved or disapproved by the clerk of the court or the attorney general. In all cases in which the county board of commissioners refuse to approve the bond of any county officer, such officers may refer the same to the attorney general, and if approved by him, after hearing evidence, they shall be accepted by the county board of commissioners. Section 509. The bonds of all public officers of the State shall, before they are accepted or recorded, be examined by the attorney general or one of the solicitors, who must certify in writing, upon the bond, that he approves the form and execution thereof; when so examined, approved, certified, and recorded, the bond shall be deposited in the office of the treasurer of the State of South Carolina. Section 510. Every county officer elected or appointed, who is required to give bond for the faithful performance of the duties of his office, shall, within thirty days after notification, have his said bond recorded in the office of the register of mesne conveyances for the county in which such officer resides. * * * Section 512. It shall be the duty of the county board of commissioners in each and every county in the State to make an annual examination into the sufficiency of all the county officers' bonds within their respective counties, and within ten days thereafter report to the comptroller general, to be laid before the State board for its action according to law any that may in their judgment be insufficient. Section 516. When any officer shall be required to execute a new bond, with security, as provided for in the preceding sections, he shall proceed forthwith to execute such new bond, and submit the same for approval to the officer or officers authorized by law to approve the same; and if he shall fail or neglect to execute and submit such new bond, or fail to execute

and submit a bond satisfactory to the officer or officers authorized to approve the same, within thirty days after having been required so to do, the said officer or officers, as the case may be, shall forthwith report to the governor of the State that such officer has been duly required, under the provisions of this and the preceding sections, to furnish a new bond, and that he has failed so to do; and upon being so informed, and upon receiving a certified copy of all the papers relative to the case, it shall be the duty of the governor, by public proclamation forthwith, to declare the office held by such defaulting officer vacant, and such office so made vacant shall be filled in the manner now provided by law." The remedy provided by the preceding sections is exclusive, and as his Honor's order is inconsistent with such remedy, it must be reversed to that extent.

It is the judgment of this Court, that the order of the Circuit Court be reversed, except in so far as it required notice to be given of the action of the grand jury.